WILLIAM M. CROSBY (SBN: 49357)
13522 Newport Avenue, Suite 201
Tustin, CA 92780-3707
Telephone: (714) 544-2493
Facsimile: (714) 544-2497
Email: wcrosby@wcrosbylaw.com

Attorney for Plaintiff
NHUNG B. TRAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHUNG B. TRAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON VISION CARE, INC., a New Jersey corporation; DOES I through X, inclusive,<br><br>　　　　Defendants. | CASE NO.<br><br>COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND |

Plaintiff alleges:

SUMMARY OF CLAIMS

1.　This is an action for damages by plaintiff against her employer for an egregious bad faith and discriminatory course of conduct intended to deprive plaintiff of deserved remuneration in part in retaliation for plaintiff's having engaged in the protected activities of reporting discrimination and retaliation, and filing a claim on her own behalf with the EEOC. Plaintiff further claims that she was subject to disparate treatment in comparison with male

1

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

employees with respect to the terms and conditions of her employment, and that she was misclassified as exempt such that she was denied substantial overtime compensation. Plaintiff seeks compensatory damages, including economic damages for all unpaid overtime, and past and future loss of earnings and benefits; general damages for emotional distress; statutory attorneys' fees; and punitive damages.

PARTIES

2. At all times herein mentioned plaintiff NHUNG B. TRAN, also known as KRISTY TRAN (hereinafter "plaintiff"), was and is a resident of the County of Orange, State of California.

3. Plaintiff is informed and believes and based on such information and belief alleges that at all times herein mentioned defendant JOHNSON & JOHNSON VISION CARE, INC. (hereinafter "JJVC"), was and is a New Jersey corporation engaged in the manufacture and sale of optical products, with its principal place of business located in the City of Santa Ana, County of Orange, State of California.

4. Plaintiff is unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of defendants named as DOES I through X, inclusive. Pursuant to Code of Civil Procedure Section 474, plaintiff will seek leave of court to amend this complaint to state said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief alleges that said fictitiously-named defendants are responsible in some manner for the injury and damages to plaintiff as further hereinafter alleged and are persons within the meaning of Labor Code, § 588.1 ("The Fair Day's Pay Act"), which includes "other person acting on behalf of an employer."

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

## AGENCY

5. Plaintiff is informed and believes and upon such information and belief alleges that defendants, and each of them, at all times herein mentioned were the agents, employees, servants, joint venturers, and/or co-conspirators of the remaining defendants, and were acting in the course and scope of such agency, employment, joint venture, and/or conspiracy; that defendants, and each of them, were doing the things herein alleged, were the actual and/or ostensible agents of the remaining defendants and were acting within the course and scope of said agency; and that each and every defendant, as aforesaid, when acting as a principal, was negligent in selecting, hiring, supervising and continuing the employment of each and every defendant as an agent, employee or joint venturer; and/or that said defendants approved, supported, participated in, authorized, and/or ratified the acts and/or omissions of said employees, agents, servants, conspirators, and/or joint venturers, and at all times were persons "acting on behalf of the employer" as defined by Labor Code, § 588.1.

## JURISDICTION

6. This is a civil action over which the Court has original jurisdiction under 28 U.S.C., Sec. 1332, based on diversity of citizenship.

///
///
///
///
///

3

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

FACTS

<u>Plaintiff's Record of Competent, Conscientious Service for Defendant JJVC:</u>

7. Plaintiff is 46 years of age and has been employed for 12 years in quality assurance for records management. Prior to her employment with Abbott Laboratories (later acquired by defendant JJVC), she was employed with the Fountain Group, LLC. Throughout her prior employment, plaintiff at all times maintained an exemplary record. Both in her prior employment and during her employment with Abbott Laboratories, plaintiff received recognition from her peers and awards for her performance.

8. Plaintiff has experienced unfair and discriminatory treatment in her position as a Document Control Change Analyst for defendant JJVC. This treatment has included being denied continuing education benefits, being assigned more difficult tasks consistent with those of a Senior Document Control Change Analyst, and being assigned Corrective Action and Preventive Action ("CAPA") job duties which are outside of her job description and constitute approximately 50% of her work time. Yet plaintiff has received no increases in her salary, despite the assurance of her manager, Catherine Spargo ("Spargo"), in January of last year that she would receive a promotion with increased compensation and recognition for these additional job duties.

9. Furthermore, plaintiff has been consistently frustrated in her attempts to be promoted, primarily due to Spargo not providing timely notice of posted positions. For example, plaintiff was unaware that the CAPA engineer position was posted until she received an email advising that a less qualified temporary worker had accepted the

4

1 position.

<u>Plaintiff's Protected Activities Under FEHA:</u>

10. In April of 2014, plaintiff's coworker, Elizabeth Franklin ("Franklin"), complained to H.R. regarding racial discrimination and harassment against Troy Hall, Manager of the Document Control Department. While this claim was pending, Aimy Pham ("Pham"), Document Control Supervisor, summoned Franklin for a private meeting. Plaintiff observed that following this meeting, Pham and Franklin appeared as if the matters had been satisfactorily resolved. Thereafter, Pham accompanied the HR Manager, Jade Orzol ("Orzol"), to a conference room. Shortly thereafter plaintiff observed Orzol escorting Franklin out of the building. Franklin appeared distraught.

11. Two days later, Franklin informed plaintiff that she had been terminated for the false and pretextual reason that she had allegedly slapped Pham. Plaintiff then filed a written report to the Office of Ethics and Compliance. Plaintiff also complained regarding Pham's fabricating a pretext to terminate Franklin.

<u>Defendant JJVC's Adverse Actions Altering the Terms and Conditions of Plaintiff's Employment in Retaliation for Plaintiff's Having Engaged in Protected Activities</u>:

12. Thereafter, plaintiff was subjected to an increasingly hostile work environment which materially changed the terms and conditions of her employment. This included, but was not limited to the following:

a) Despite requesting and being qualified for the Complaint Analyst position, transferring plaintiff directly under Pham, who treated her with hostility, disdain, and contempt;

5

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

b) Denying plaintiff continuing education benefits, including her request to attend law school and an MBA program;

c) Assigning plaintiff more difficult tasks consistent with those of a Senior Document Control Change Analyst;

d) Assigning plaintiff Corrective Action and Preventative Action ("CAPA") job duties, which were outside of her job description and which constituted approximately fifty percent of her work time;

e) Denying plaintiff any increase in pay despite the assurance of her Manager, Spargo, that she would receive a promotion with increased compensation in recognition of her additional job duties;

f) Failing to promote plaintiff, in part due to Spargo not providing timely notice of posted positions;

g) Requiring plaintiff to work substantial overtime, to the detriment of her physical and mental health and without adequate compensation;

h) Failing to provide plaintiff comp time for extra hours;

i) Despite plaintiff's workload exceeding the workloads of the other four members of her five member team, the other members received "recognition" awards from Pham despite their not having performed a workload comparable to her workload;

j) Requiring plaintiff to work on Global Monitoring of Closed Exception Reports, which required considerable time and effort on her part and which was outside of her job description;

k) Spargo and Pham assigning plaintiff mostly excessive workloads, requiring overtime without adequate compensation.

///

///

6

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

13. In February of 2017, defendant JJVC acquired Abbott. On June 20, 2017, plaintiff met with Dina-Marie Stefani, Director of QA and Compliance, regarding defendant JJVC's retaliation and non-compliance with company procedures. Plaintiff's complaints fell on deaf ears. On July 13, 2017, plaintiff had a phone interview with Yolanda Gonzalez, an employee Relations Specialist, and on July 19, 2017, with Abdiel Alvarez, Senior Director Quality Assurance and Compliance, wherein plaintiff again brought up issues of retaliation and unfair treatment.

<u>Defendant JJVC's Violation of the Equal Pay Act (Labor Code 1197.5 (a))</u>:

14. Labor Code, § 1197.5(a) provides in pertinent part: "An employer shall not pay any of its employees at wage rates less than the rates paid to employees of the opposite sex for substantially similar work . . . ." In February of 2017, defendant JJVC violated this statute, in that Jason San Jose ("San Jose"), a college graduate, was hired into the same position held by plaintiff with a starting salary of nearly over $4,000.00 in excess of plaintiff's salary, despite San Jose's having over twenty years less experience than plaintiff.

<u>Plaintiff's Unpaid Overtime Claim</u>:

15. Labor Code, §§ 501(a) and 1194(a) provide that an employer is obligated to pay its employees time and a half for all hours worked over eight hours per workday and forty hours per workweek. Plaintiff has been misclassified as exempt throughout her employment, despite her not qualifying for any of the executive or administrative exemptions from overtime compensation under California law, in that

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

she does not have authority to hire and fire employees, supervise employees, set company policy, or exercise independent judgment. Wage Order 1-2001(1)(A)(1) and (1)(A)(2); <u>Bell v. Farmers Insurance Exchange</u> (2001) 87 Cal.App.4th 805.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On August 22, 2017, plaintiff filed a complaint against defendant JJVC with the Department of Fair Employment and Housing ("DFEH"). A copy thereof is attached hereto as **Exhibit A**. Thereafter on August 22, 2017, the DFEH issued a "right-to-sue" letter. A copy thereof is attached hereto as **Exhibit B**. Plaintiff has therefore exhausted her administrative remedies with respect to her FEHA retaliation claim.

## FIRST CLAIM FOR RELIEF

(Retaliation (Gov. Code, § 12940(h)))

17. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16 as if set forth in full.

18. By virtue of the conduct described in paragraphs 12(a) through (k) above, defendant JJVC engaged in unlawful retaliation against plaintiff in reprisal for plaintiff's having engaged in the protected activity of complaining about gender-based discrimination and retaliation, in violation of Government Code, § 12940(h).

19. As a direct and proximate result of said retaliation, plaintiff sustained economic damages for past and future loss of earnings and benefits, according to proof.

20. As a further direct and proximate result of said retaliation, plaintiff sustained general damages for severe mental and emotional distress.

8

21. Defendant JJVC acted with malice and oppression toward plaintiff and with conscious and wanton disregard of plaintiff's rights, and defendant JJVC should therefore be assessed punitive and exemplary damages in sums sufficient to punish it and set an example in view of its financial condition.

22. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Government Code, § 12965(b).

SECOND CLAIM FOR RELIEF

(Violation of the Equal Pay Act
(Labor Code, § 1197.5))

23. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16 as if set forth in full.

24. By virtue of the conduct described in paragraph 14 above, defendant JJVC failed and refused to pay plaintiff at wage rates similar to "employees of the opposite sex for substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions," in violation of Labor Code, § 1197.5(a).

25. As a direct and proximate result of said statutory violation, plaintiff sustained economic damages measured by the difference in such compensation, according to proof.

26. Plaintiff is further entitled to double damages, pursuant to Labor Code, § 1197.5(h).

27. Plaintiff is further entitled to an award of statutory attorneys' fees pursuant to Labor Code, § 1197.5(h).

///

///

9

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

THIRD CLAIM FOR RELIEF

(Unpaid Overtime
(Labor Code, §§ 510(a) and 1194(a)))

28. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16 as if set forth in full.

29. By virtue of the conduct described in paragraph 15 above, defendant JJVC violated Labor Code §§ 510(a) and 1194(a) by misclassifying plaintiff as an exempt employee and failing to pay plaintiff overtime compensation at one and one half times her regular rate of pay for all hours worked in excess of eight hours per workday or forty hours per workweek.

30. To date, no portion of plaintiff's overtime compensation for all hours worked in excess of eight hours per workday or forty hours per workweek have been paid to plaintiff, and there is currently due and owing plaintiff unpaid overtime in an amount that will be demonstrated, according to proof.

31. Plaintiff is further entitled to an award of statutory attorneys' fees and prejudgment interest pursuant to Labor Code, §§ 218.5, 218.6 and 1194(a).

PRAYER

WHEREFORE, plaintiff prays judgment against defendants as follows:

<u>As to the First Claim for Relief</u>:

1. For economic damages, according to proof;

2. For general damages, according to proof;

3. For punitive damages in the sum of $500,000.00, according to proof;

4. For statutory attorneys' fees, pursuant to Government Code, § 12965(b).

10

<u>As to the Second Claim for Relief</u>:

1. For economic damages, according to proof;
2. For double damages, pursuant to Labor Code, § 1197.5(h);
3. For statutory attorneys' fees, pursuant to Labor Code, § 1197.5(h).

<u>As to the Third Claim for Relief</u>:

1. For economic damages for all unpaid overtime, according to proof;
2. For statutory attorneys' fees and prejudgment interest, pursuant to Labor Code, §§ 218.5, 218.6 and 1194(a).

<u>As to All Causes of Action</u>:

1. For costs of suit incurred;
2. For such further relief as the Court deems proper.

Dated: September 15, 2017

_____
WILLIAM M. CROSBY
Attorney for Plaintiff
NHUNG B. TRAN

<u>JURY TRIAL DEMAND</u>

Plaintiff NHUNG B. TRAN hereby demands trial by jury of the above cause.

Dated: September 15, 2017

_____
WILLIAM M. CROSBY
Attorney for Plaintiff
NHUNG B. TRAN

COMPLAINT FOR RETALIATION (GOV. CODE, § 12940(h)); VIOLATION OF THE EQUAL PAY ACT (LABOR CODE, § 1197.5); UNPAID OVERTIME (LABOR CODE, §§ 510(a) AND 1194(a)); JURY TRIAL DEMAND

# EXHIBIT A

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of  
Nhung (aka Kristy) Tran, Complainant.  
10061 La Quinta Cir.  
Fountain Valley, California 92708

DFEH No. 421889-307686

vs.

Johnson And Johnson Vision Care, Inc.,  
Respondent.  
1700 E. St. Andrew Place  
Santa Ana, California 92705

Complainant alleges:

1. Respondent **Johnson And Johnson Vision Care, Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **August 08, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a work environment free of discrimination and/or retaliation, Denied equal pay, Denied promotion,** . Complainant believes respondent committed these actions because of their: **Engagement in Protected Activity, Sex - Gender** .

3. Complainant **Nhung (aka Kristy) Tran** resides in the City of **Fountain Valley**, State of **California**. If complaint includes co-respondents please see below.

**Additional Complaint Details:**

No complaint details specified.

*Complaint – DFEH No. 421889-307686*

Date Filed: August 22, 2017

VERIFICATION

I, **William M. Crosby**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 22, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Tustin, California**
**William M. Crosby**

# EXHIBIT B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

August 22, 2017

Nhung (aka Kristy) Tran
10061 La Quinta Cir.
Fountain Valley, California 92708

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 421889-307686
Right to Sue: Tran / Johnson And Johnson Vision Care, Inc.

Dear Nhung (aka Kristy) Tran,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 22, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency       GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**       DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc: